## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Stacey Lynne Griffin<br>(a/k/a Stacey Lynne Grauel-Finan) | BANKRUPTCY CASE NO. 21-12777<br><br>CHAPTER 13 |

## MOTION OF BANK OZK
## FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 11 U.S.C. § 362(d), Bank OZK, by its attorneys, Schnader Harrison Segal & Lewis, LLP, hereby moves for relief from the automatic stay, and in support thereof avers the following:

### INTRODUCTION

1. The purpose of this motion to expedite the recovery by Bank OZK of a vehicle owed by debtor, which she has chosen to surrender under her proposed Plan, which is collateral for a loan given to her by Bank OZK, and in which Bank OZK has a security interest.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.

3. Venue is proper in this proceeding pursuant to 28 U.S.C. §1409(a).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

5. The statutory predicate for the relief sought in this motion is 11 U.S.C. § 362(d).

## **BACKGROUND**

6. Bank OZK is an Arkansas-chartered financial institution headquartered in Little Rock, Arkansas and a secured creditor in this case.

7. Debtor is also known as "Stacey Lynne Grauel-Finan."

8. On or about October 17, 2019, debtor purchased a used 2017 Jayco Greyhawk RV ("RV") for $79,704.34. Debtor financed her purchase by borrowing $76,581.34. In return for the loan, debtor granted a security interest in the RV. A Retail Installment Contract and Security Agreement ("Agreement") memorializing the purchase of the vehicle and the loan transaction is attached as *Exhibit 1*.

9. The seller of the RV immediately transferred the Agreement to Bank OZK. *Exhibit 1* ("Transfer," at the bottom of Page 1).

10. In accordance with the Agreement, Bank OZK perfected a lien on the RV. An electronic copy of a title report for the RV, reflecting Bank OZK's lien, is attached as *Exhibit 2*.

11. The Agreement required debtor to make monthly loan payments of $581.84.

12. Debtor defaulted under the Agreement by failing to make her monthly loan payments to Bank OZK when due.

13. Debtor has not made any payment to Bank OZK since August 16, 2021.

14. As of October 13, 2021, the indebtedness owed by debtor to Bank OZK totaled $66,910.71. Interest accrues on this amount at a rate of $13.93/day. A Loan Payoff Statement reflecting these sums, dated October 13, 2021, is attached as *Exhibit 3*.

15. Meanwhile, according to JD Power, as of October 27, 2021 the estimated wholesale trade-in value of the RV was $62,350.00.  A printout from the JD Power website confirming this value is attached as *Exhibit 4*.

16. Debtor's proposed Plan indicates that she intends to surrender the RV.  *Doc. No. 10, § 4(e)*.

## BASIS FOR RELIEF FROM STAY

17. Section 362(d) of the Bankruptcy Code authorizes this Court to grant a party in interest relief from the automatic stay as follows:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if:
>
>> (A) the debtor does not have equity in such property;  and
>>
>> (B) such property is not necessary to an effective reorganization.

18. Debtor has no equity in the RV, as the amount owed by debtor under the Agreement (+$66,910.71) exceeds the trade-in value of the RV ($62,350.00).

19. Bank OZK is entitled to relief from stay under both Sections 362(d)(1) and (2) because the Debtor does not have equity in the RV and the RV is not necessary for an effective reorganization.

20. Due to the Debtor's failure to make payments when due, Bank OZK lacks adequate protection of its security interest.

21. Debtor intends to surrender the RV to Bank OZK.

22. To allow Bank OZK to safeguard its collateral, this Court should allow Bank OZK to take immediate possession of, and title to, the RV; Bank OZK should not have to wait until Plan confirmation (if, in fact, the Court confirms debtor's Plan).

23. The Court should terminate the automatic stay with respect to the interest of Bank OZK in the RV, pursuant to §§ 362(d)(1) and 362(d)(2).[1]

**WHEREFORE**, Bank OZK respectfully requests this Court enter the attached Order, and also grant such further relief as may be just and equitable.

Respectfully submitted,

Schnader Harrison Segal & Lewis LLP

Dated:  November 5, 2021		By:  */s/ Jonathan W. Hugg*
Jonathan W. Hugg, Esquire
PA Id. No. 73589
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Phone: (215) 751-2527
Fax:  (215) 751-2205
jhugg@schnader.com

*Attorneys for Bank OZK*

---

[1] The Verification of Bank OZK is attached as *Exhibit 5*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on November 5, 2021, on all parties of record via this Court's electronic filing system, and separately by email upon:

| | |
|---|---|
| Brad J. Sadek, Esquire<br>Sadek and Cooper<br>1315 Walnut Street, Suite 502<br>Philadelphia, PA  19107<br>Email:  brad@sadeklaw.com | Kenneth E. West<br>Office of the Chapter 13 Standing Trustee<br>1234 Market Street, Suite 1813<br>Philadelphia, PA  19107<br>Email:  ecfemails@ph13trustee.com |
| United States Trustee<br>Office of the United States Trustee<br>200 Chestnut Street, Suite 502<br>Philadelphia, PA  19106<br>Email: USTPRegion03.PH.ECF@usdoj.gov | |

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

Dated:  November 5, 2021

By: */s/ Jonathan W. Hugg*
Jonathan W. Hugg (PA ID No. 73589)
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Phone: (215) 751-2000
Fax:  (215) 751-2205
jhugg@schnader.com

*Attorneys for Bank OZK*

PHDATA 7961049_3