# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stacey Lynne Griffin,<br><br>                                *Debtor*. | Case No. 21-12777-amc<br>Chapter 13 |

### Order Approving Sale of 141 N. Woodbine Ave.
### to Tiffany Sinclair and John Villarosa

     **AND NOW**, after consideration of the Motion to Sell Property filed by Debtor Stacey Lynne Griffin, and after notice and hearing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. §§ 363 and 1303, the Debtor is authorized to sell her property located at **141 N. Woodbine Ave.** in the Township of Middletown, School District of Neshaminy, County of Bucks, and State of Pennsylvania ("the Property") to Tiffany Sinclair and John Villarosa ("the Buyers") for a price of **$590,000** pursuant to the sale agreement dated July 24, 2025.

3. The Debtor is further authorized to complete the sale, pay off any and all liens on the property to allow for clear title and associated closing costs, execute any and all documents in furtherance of the sale without further order of the court and to receive the net proceeds of the sale.

4. The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyers, must be distributed in the approximate following manner:

    Ordinary and reasonable settlement costs: ..........................$100.00

    Liens paid at closing: ...................................................$270,157.15

    Real estate taxes, sewer, trash, and other such items: .....$4,556.56

    Property repairs: ......................................................................$0.00

    Real estate commission: ...............................................$35,400.00

    Real estate transfer taxes: ..............................................$6,050.00

    Attorney's fees: ........................................................................$0.00

    Any small allowances agreed to be made to Buyers to
    settle any unforeseen dispute arising at settlement: .................$0.00

Other: ..................................................................................$0.00

**Estimated Total Costs..................................$316,263.71**

**Estimated Net Proceeds .............................$273,736.29**

5. This Order is contingent upon the mortgage liens being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date, or any short payoff shall be approved by the mortgage holder

6. The Debtor shall have 90 days from entry of this Order to sell the Property.

7. Upon receipt of payment, any creditors paid at closing shall withdraw or amend their proofs of claim within 30 days.

8. After all existing liens are fully satisfied and all estimated costs stated above have been paid, the title clerk shall pay $21,708.71 to Kenneth E. West, Chapter 13 Trustee, which represents the amount necessary to pay the existing 100% plan balance in full. All remaining proceeds shall be paid to Debtor Stacey Lynne Griffin.

9. Notwithstanding the amounts provided above, all liens must be paid at closing in amounts required to provide the Buyers with clear title.

10. The title clerk shall email settlementsheet@ph13trustee.com and fax 215-627-6299, a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

11. Notwithstanding the terms of the confirmed chapter 13 plan, the Trustee is authorized to adjust the percentage paid to unsecured claims, based on the funds received, up to 100% in accordance with 11 U.S.C. § 1329.

12. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

Date: _____     _____
                                                  Ashely M. Chan
                                                  Chief U.S. Bankruptcy Judge